## N. W. CARTER *vs.* E. H. EWING, JR.

### April Term, 1873.

DEPOSITIONS—CERTIFICATE.—A certificate to depositions which fails to state, as required by the Code, § 3848, that the person who takes them is not interested in the cause, nor of kin or counsel to either of the parties, is fatally defective, and the deposition, on exception, must be excluded.

SAME, SAME.—Where the person who takes a deposition appears to sustain the necessary official character required by law, the court will give credence to all he certifies within the line of his duty; but, *semble*, it is not within his duty to certify to an agreement between the parties touching the deposition, unless he state how the agreement was made, and attach the evidence thereof.

SAME—NOTARY PUBLIC.—A notary public of another state is not authorized by our laws to take depositions to be read as evidence in this state.

*J. B. White*, for complainant.
*Robt. Ewing*, for defendant.

THE CHANCELLOR:—The defendant has excepted to the depositions of Adolph Cayan and others, taken by the complainant in the state of Missouri, and filed on the 6th of May, 1873, upon the ground that the certificate of the notary public, who took the depositions, "is defective in that it fails to state that the said notary was neither of kin nor of counsel to either of the parties, nor interested in any way in the result of the suit." The clerk and master sustained the exception and the complainant has appealed.

By the Code, § 3,848, it is expressly provided that the

caption and certificate of depositions "shall be substantially" as therein prescribed. The certificate there given contains the following clause : "And I certify that I am not interested in the cause, nor of kin or counsel to either of the parties." The certificate to the depositions in question does not contain any such clause, and is therefore fatally defective. *Wilson* v. *Smith*, 5 Yer. 379, 407.

But, it is said, these depositions were taken by agreement, and this amounts to a concession of the unexceptionable character of the commissioner. This might be so, if the agreement were that the deposition should be taken by the particular person who did actually take them as notary. I do not understand that there was in fact any such agreement, and none such has been brought to the attention of the court. The counsel of the complainant relies for the agreement upon the statement of the notary himself in the caption and certificate of the depositions, which is that the witnesses were "produced" or "came" before him "in pursuance of an agreement by and between N. W. Carter complainant and E. H. Ewing respondent." The rule undoubtedly is that where an officer appears satisfactorily to the court to sustain the necessary character, the court will give credence to all he certifies within the line of his duty. *Wilson* v. *Smith*, 5 Yer. 379 ; *Bedford* v. *Ingram*, 5 Hay. 155. And the statement in the caption and certificate that the person taking the deposition sustains a certain character is sufficient evidence of that fact. *Hoover* v. *Rawlings*, 1 Sneed, 257. But it will scarcely be contended that it is in the line of the duty of a commissioner of depositions, to certify to an agreement between the parties touching such depositions, unless he states how it was made, as, for example, in writing, or both parties being present. And any agreement which is certified will not be extended beyond its natural meaning. The agreement certified to by the notary is simply that the witnesses were "produced" or "came" and were sworn to testify. That is, the parties having filed interrogatories and cross-interrogatories for these witnesses, had agreed that their

depositions might be taken. To treat such an agreement as a waiver of the necessity of certifying the depositions according to law would be to strain the language beyond its legitimate meaning.

The right to claim credence for the facts certified to by the commissioner depends upon his sustaining the necessary character. By the Code, § 3865, the power to take depositions to be used as evidence in the courts of this state is confined to " any judge, justice of the peace, mayor or chief magistrate of a town or city, the clerk of any court, or any other person properly commissioned or appointed by the court or clerk, not being interested, of counsel, or related to either of the parties within the sixth degree computing by the civil law." By the act of 1859–60, ch. 94, the authority to take depositions is conferred on " all notaries public commissioned by the governor of this state." And to the same effect is the act of 1867, ch. 46, § 3, for it merely extends the power of notaries of this state to the taking of depositions, &c. It will thus been seen that a foreign notary public is not authorized *virtute officii* to take depositions to be read as evidence in this state. The notary in this case, therefore, does not sustain the " necessary character" to give credence to the facts certified to by him.

The result is, that the ruling of the clerk in sustaining the exception to the deposition must be affirmed.

The complainant's counsel suggests that the only effect of this ruling is to delay proceedings until the caption and certificate can be amended. Our supreme court have held that a certificate or caption of a deposition may, by permission of the court, be amended under § 2863 of the Code. 1 Heisk. 356. But this can probably only be done by bringing the commissioner before the court in person, for the depositions having become a part of the record cannot, perhaps, be withdrawn for amendment. In this case it is, however, impossible to amend, for the notary public not being authorized to take the depositions, cannot, of course, amend them.